IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NOkRTHERN DIVISION

| | |
|---|---|
| HT TENNIS CORPORATION<br>formerly known as<br>Har-Tru Corporation,<br>12832 Salem Avenue<br>P.O. Box 569<br>Hagerstown, MD 21741-0459<br><br>Plaintiff,<br><br>v.<br><br>DUNLOP SLAZENGER<br>INTERNATIONAL LIMITED,<br>Trading as Dunlop Slazenger Group<br>Maxfli Court Riverside Way,<br>Camberly Surrey GU 15 3YL,<br>UNITED KINGDOM<br><br>Defendant<br><br>And<br><br>DUNLOP SPORTS GROUP<br>AMERICAS, INC.<br>A Delaware Corporation<br>Greenville, South Carolina<br><br>Defendant | Civil Action No. WMN-02-CV-3562 |

## ANSWER OF DEFENDANT DUNLOP SPORTS GROUP AMERICAS, INC.

The Defendants, Dunlop Slazenger International Limited ("Dunlop International') and Dunlop Sports Group Americas, Inc. ("Dunlop Americas") by and through their undersigned attorneys, hereby answer the Amended Complaint as set forth below. All allegations of the Amended Complaint not admitted are denied.

## Count I

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted insofar as it alleges that Defendant Dunlop International is a foreign corporation with its principal office located in Great Britain/England. The remainder of Paragraph 2 is denied as it pertains to Dunlop International. Paragraph 2 is admitted as it pertains to Dunlop Americas.

3.      Answering Paragraph 3, the Defendants admit that the written terms of the contract described therein speak for themselves. All allegations inconsistent with those written terms are denied.

4.      Answering Paragraph 4, the Defendants admit that the written terms of the contract described therein speak for themselves. All allegations inconsistent with those written terms are denied.

5.      Answering Paragraph 5, the Defendants admit that the written terms of the contract described therein speak for themselves. All allegations inconsistent with those written terms are denied.

6.      Answering Paragraph 6, the Defendants admit that the written terms of the agreement described therein speak for themselves. All allegations inconsistent with those written terms are denied.

7.      Answering Paragraph 7, the Defendants admit that the written terms of the agreement to which Paragraph 7 refers speak for themselves. All allegations inconsistent with those written terms are denied.

8.   Answering Paragraph 8, the Defendants admit that the written terms of the letter described therein speak for themselves. All allegations inconsistent with those written terms are denied.

9.   Answering Paragraph 9, the Defendants admit that the written terms of the letter described therein speak for themselves. All allegations inconsistent with those written terms are denied.

10.  Answering Paragraph 10, the Defendants admit that the written terms of the letter described therein speak for themselves. All allegations inconsistent with those written terms are denied.

11.  Answering Paragraph 11, the Defendants admit that the Plaintiff sent a proposed draft Agreement to Dunlop Americas and that the written terms of the proposed draft Agreement described therein speak for themselves. All allegations inconsistent with those written terms are denied.

12.  Answering Paragraph 12, the Defendants admit that the written terms of the transmission described therein speak for themselves. All allegations inconsistent with those written terms are denied.

13.  Answering the first two sentences of Paragraph 13, the Defendants admit that the written terms of the revisions to the proposed Agreement described therein speak for themselves. All allegations inconsistent with those written terms are denied. Answering the last two sentences of Paragraph 13, the Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

14. Answering Paragraph 14, the Defendants admit that the written terms of the letter described therein speak for themselves. The Defendants admit that the third draft Agreement was provided to Dunlop Americas.

15. Paragraph 15 is denied with the exception that it is admitted that neither of the Defendants consented to execute the Agreement described therein.

16. Paragraph 16 is denied.

17. Answering Paragraph 17, the Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth therein.

18. Paragraph 18 is denied.

19. Answering Paragraph 19, the Defendants deny that either of them entered into a contract with the Plaintiff after 1996 as described in the Amended Complaint. Answering the remaining allegations of Paragraph 19, Defendant Dunlop Americas admits that it has a contract with John McEnroe, but denies that that contract is relevant to any allegations in this action.

20. Answering Paragraph 20, the Defendants deny that either of them entered into a contract with the Plaintiff as described therein.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

## Count II

Responding to Count II, the foregoing paragraphs of this Answer are incorporated herein.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

## Count III

Responding to Count III, the foregoing paragraphs of this Answer are incorporated herein.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

## Count IV

Responding to Count IV, the foregoing paragraphs of this Answer are incorporated herein.

28. Answering Paragraph 28, the Defendants deny that either of them had any contract with the Plaintiff as described in the Amended Complaint.

29. Paragraph 29 is denied.

30. Answering Paragraph 30, it is admitted that the Plaintiff has demanded monies from the Defendants. The remaining allegations of Paragraph 30 are denied.

31. Paragraph 31 is denied.

## Count V

Responding to Count V, the foregoing paragraphs of this Answer are incorporated herein.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

## Count VI

Responding to Count VI, the foregoing paragraphs of this Answer are incorporated herein.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

## Count VII

Responding to Count VII, the foregoing paragraphs of this Answer are incorporated herein.

37. Paragraph 37 is denied.

38. Answering Paragraph 38, it is admitted that Dunlop Americas made a one-time payment to Har-Tru or to an entity acting on behalf of Har-Tru while also refusing to enter into a new three-year contract with Har-Tru. The remaining allegations of Paragraph 38 are denied.

Count VIII

Responding to Count VIII, the foregoing paragraphs of this Answer are incorporated herein.

39. Answering Paragraph 39, the Dunlop Americas denies that it had a contract with the Plaintiff as described in the Amended Complaint.

40. Paragraph 40 is denied.

41. Answering Paragraph 41, it is admitted that the Plaintiff has demanded monies from the Defendants. The remaining allegations of Paragraph 41 are denied.

42. Paragraph 42 is denied.

Count IX

Responding to Count IX, the foregoing paragraphs of this Answer are incorporated herein.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

<b>FOR A FIRST AFFIRMATIVE DEFENSE<br>(Fed. R. Civ. P. 12(b)(6))</b>

The Amended Complaint fails to state a claim upon which relief can be granted.

<b>FOR A SECOND AFFIRMATIVE DEFENSE<br>(Fed. R. Civ. P. 12(b)(2))</b>

This Court lacks personal jurisdiction over the Defendant Dunlop Slazenger.

## FOR A THIRD AFFIRMATIVE DEFENSE
### (Statute of Frauds)

The Plaintiff's claims are barred by the Maryland Statute of Frauds.

## FOR A FOURTH AFFIRMATIVE DEFENSE

The contract upon which the Plaintiff's claims are based never existed.

## FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of payment.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of estoppel.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of release

## FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## FOR A TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the failure of the Plaintiff's consideration sufficient to create a contract with either of the Defendants.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred on the ground that it lacks standing to pursue the claims set forth in this action.

WHEREFORE, having fully answered the Amended Complaint of the Plaintiff, the Defendants pray that it be dismissed with costs awarded to the Defendants and for such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>VENABLE, BAETJER AND HOWARD, LLP
>
>
>By: _____/s/_____
>C. Carey Deeley, Jr.
>Federal Bar No. 03077
>Daniel W. China
>Federal Bar No. 11405
>210 Allegheny Avenue
>Towson, MD 21204
>Tel. (410) 494-6200
>Fax (410) 821-0147
>Attorneys for the Defendants
>
>Of Counsel:
>Bernie W. Ellis
>District of South Carolina
>Federal Bar No. 5650
>McNair Law Firm, P.A.
>Post Office Box 447
>Greenville, South Carolina 29602
>Tel. (864) 271-4940
>Fax (864) 271-4015

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April, 2003 a copy of the foregoing Answer to Complaint was served electronically via this Court's CM/ECF system (or, to the extent such service could not be accomplished because the recipients are not yet registered for electronic service, via first-class mail, postage prepaid), to:

>Arthur Schneider, Esq.
>The Law Office of Arthur Schneider, P.C.
>120 West Washington Street
>Suite 200
>Hagerstown, MD 21740

>            /s/
>C. Carey Deeley, Jr.